Wilson v. Lindner.

---

# WILLIAM G. WILSON
## v.
# JOHN R. R. LINDNER.

*Guaranty.*

1.   While a surety's liability will be strictly construed, strictness can not be carried to such a degree as to create defenses for the guarantor when none in fact exist.

2.   This court affirms, in view of the evidence, the judgment for the plaintiff in an action brought to recover for a bill of goods sold and delivered by plaintiff to persons named, in reliance upon a certain guaranty in writing.

[Opinion filed July 23, 1891.]

APPEAL from the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. R. S. THOMPSON, for appellant.

Parol evidence is admissible to show the conditions and con-

siderations upon which the guarantor undertook to be liable. Belleville Savings Bk. v. Bornman, 124 Ill. 205; Rhode v. McLean, 101 Ill. 467; Knight v. Hurlburt, 74 Ill. 133; Hull v. Parker, 37 Mich. 590; Bent v. Marton, 52 N. Y. 570; Brant on Sureties, Sec. 352, and authorities there cited.

In ascertaining the meaning and intent of a contract of guaranty, the same rules of construction are applicable as to other contracts. Hamilton v. Van Rensselaer, 43 N. Y. 244; Shreffler v. Nadelhoffer, 133 Ill. 536.

The contract proposed by appellant, as gathered from the letter of guaranty and the assurances of appellee, was an entire contract, and it was incumbent on appellee to show a complete fulfillment of all its terms to entitle him to recover. Leeds v. Dunn, 10 N. Y. 469; Bruce v. Pearson, 3 Johns. 534; Eliason v. Henshaw, 4 Wheaton, 225; Story on Contracts, Sec. 16, 18.

When the true intent of a contract of guaranty, and the terms upon which the guarantor agrees to be bound, are ascertained, the contract must be strictly construed, and the guarantor's liability is never extended beyond the express terms of the guaranty. Shreffler v. Nadelhoffer, 133 Ill. 536; Ryan v. Trustees of Shawneetown, 14 Ill. 20; Finney v. Condon, 86 Ill. 81; Mix v. Singleton, 86 Ill. 194; McGovney v. State of Ohio, 20 Ohio, 90; Leeds v Dunn, 10 N. Y. 469.

In case of doubt, the doubt is generally, if not universally, solved in favor of the guarantor. Stull v. Hance, 62 Ill. 52.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellee.

MORAN, P. J. This appeal is from a judgment rendered against appellant, for a bill of goods sold and delivered by appellee in reliance upon a certain guaranty in writing.

The firm of Wilson & Brother, composed of Charles A. and Frank P. Wilson, were, prior to January 14, 1886, engaged in business, and had become indebted to appellee in the sum of $1,298.04.

One of said Wilson Brothers came to Chicago to obtain financial aid from appellant, and appellant addressed to appellee the following letter:

"CHICAGO, January 14, 1886.

"JOHN R. R. LINDNER, Esq.,

"144 Main Street, Cincinnati, Ohio.

"*Dear Sir:* Frank Wilson is now with me and wants me to let him have money enough to enlarge his business, which is inconvenient for me at the present time to do. But in order to assist him to carry on his business I will make you this proposition : If you will make arrangements with him to enable him to pay you what he now owes you, viz., $1,298.04, in periodical payments, and furnish him goods to continue to carry on his business, I will be responsible to you and will, by this letter, bind myself to pay you to the extent of $600 for any goods you may sell him and that he does not pay for, from this date, and under the agreement I have above suggested.

"Yours truly,

"W. G. WILSON."

This letter was presented to appellee, and thereupon the following agreement was drawn up and signed:

"Articles of agreement, entered into this 18th day of January, 1886, between John R. R. Lindner, of Cincinnati, Ohio, and Charles A. Wilson and Frank P. Wilson, doing business under the firm name of Wilson & Brother, Eaton, Ohio.

1. Said John R. R. Lindner doth hereby covenant and agree with the said Wilson & Brother to do and perform the matters and things following:

1. He will sell said Wilson & Brother $600 worth of tobacco.

2. He will give said Wilson & Brother ample time to pay off their indebtedness to him, amounting to $1,298.04, agreeing to receive the same in payments of $25 every thirty days from this date, to be applied to said indebtedness, and to bring no suit for the collection of said claim so long as said Wilson & Brother meet said $25 payments.

And the said Wilson & Brother doth hereby covenant and agree to purchase of said John R. Lindner $600 worth of stock, in consideration of said John R. Lindner, extending to

them the time mentioned above for paying their indebtedness of $1,298.04, due him, said John R. Lindner.

In witness whereof, the said parties have hereunto set their hands and seals.

(Signed)      JOHN R. R. LINDNER,    [SEAL.]
              C. A. WILSON,          [SEAL.]
              F. B. WILSON,          [SEAL.]
              WILSON BROTHERS.       [SEAL.]"

Goods to the amount of $599.35 were then selected by Wilson Brothers from appellee's stock in Cincinnati, but not delivered to them, and appellee and one of the Wilsons came to Chicago to see appellant. After some consultation and negotiation with appellant, appellant wrote on the letter above set out the following:

"Where Frank Wilson's name is mentioned in this letter Wilson Brothers may be substituted in his place.

                          "W. G. WILSON."

Appellee thereupon returned to Cincinnati and shipped to Wilson Brothers the goods which had been selected.

Wilson Brothers paid to appellee about $200 in the $25 monthly installments, but he gave them no further credit, and when the bill sold them became due and they failed to pay it, he demanded it from appellant, and brought this action for its collection.

Appellant contends that the true construction of the contract is that appellee was to continue to furnish goods to Wilson Brothers, from time to time, as they should need them in their business, and that when he refused them credit for goods he, appellant, was not bound. We do not so read the letter. It is plain and unambiguous, and not subject to alteration by parol evidence.

Appellee furnished goods substantially to the limit therein contracted for, in express reliance on the terms as written, and has the full legal right to insist on the discharge of the liability which appellant incurred.

The rule undoubtedly is, as counsel contends, that a surety's liability will be strictly construed, but strictness can not be carried to such a degree as to create defenses for the guarantor

when none in fact exist.  The rule "in no way interferes with the use of the ordinary tests by which the actual meaning and intention of the contracting parties are ordinarily determined, but merely limits their liability strictly to the terms of their contract, when those terms are ascertained, and forbids any extension of such liability by implication beyond the strict letter of those terms."  Shreffler v. Nadelhoffer, 133 Ill. 536.

This case was submitted to the court for trial.  No question is raised except as to the liability of appellant under the evidence.

We think that liability clear, and that the judgment is correct and must be affirmed.

*Judgment affirmed.*